and we turn to the next case on the calendar, USA v. Selborne Waite, WAITE 18-2651. Good afternoon, your honors. May it please the court. Michelle Barth on behalf of the appellant, Mr. Selborne Waite. I'd like to begin by first noting that two of the issues we raised here relate to whether a Hobbs Act robbery and aiding and Hobbs Act robbery are categorical crimes of violence. Those issues are currently submitted in a number of appeals with priority over this case. The arguments are virtually the same in all of those cases, so I don't intend to focus on those issues today. But I did want to note that I filed a 28-J letter last week regarding the Fourth Circuit's decision in Taylor, which supports the likewise undermines the government's position. Today, I'd like to begin by discussing the Eighth Amendment issue, which provides an alternative basis to vacate Mr. Waite's sentence and remand for resentencing. It is our position that under the Supreme Court's test in either Solem or Harmelin, Mr. Waite's sentence is excessive. We know it is excessive because Congress has spoken since Mr. Waite was sentenced and made clear that brutal sentences like the one imposed on Mr. Waite were never intended for him. His sentence, as compared to defendants within his jurisdiction and nationwide, is excessive, and as such his sentence should be vacated. His personal facts are pretty compelling, too. Mr. Waite was forced to trial to fight a false accusation of murder, and he was acquitted of those murder charges. Nonetheless, his trial penalty was stacked 924C convictions, which resulted in his death in prison sentence, despite the fact he never inflicted any physical harm. Now, Judge Gleeson in United States v. Holloway describes a stacked 924C case as, quote, a window into, one, excessive severity of sentences, two, racial disparity in sentencing, and three, the prosecutor's use of ultra-harsh mandatory minimum provisions to annihilate a defendant who dares go to trial. Now, in response, the government relies primarily on the Supreme Court's decision in Harmelin. I think this case presents some key distinctions from Harmelin. First, the very statute used by the prosecutors to force the judge to sentence Mr. Waite to death in prison has been clarified, and now prohibits such a harsh sentence. Harmelin confronted no such legislative change. There is no question that Mr. Waite would not have been sentenced to over a hundred years in prison if he were sentenced today. Thus, the gravity of Mr. Waite's offenses in relation to his sentence, in light of the First Step Act, easily demonstrates the first criteria. And then, Mr. Waite easily hurdles over the next two. Anyone sentenced even within the same calendar year after the passage of the First Step Act, with exactly the same criminal history as Mr. Waite, and the exact same conduct, would have received a sentence of less than half of what Mr. Waite received. And then, of course, he meets the third criteria nationwide. Likewise, nationwide, Mr. Waite received a sentence double that of similar defendants. Now, one of the government's principal arguments in response is that Congress intended for Mr. Waite's brutal sentence, or else it would have made the First Step Act retroactive. Well, I think there are several responses to that. First, the legislation passed. So clearly, there is a significant change. This was bipartisan legislation during a conservative administration. It represented a clarification of the law that brutal sentences like the one Mr. Waite received should no longer be tolerated. The government's argument regarding the First Step Act lack of retroactivity suggests that this court should not consider the effect of a radically changed sentence on its Eighth Amendment analysis if Congress does not make that change retroactive. If what was required was a change in law, and that change must be made retroactive, then there would never be a need for Eighth Amendment relief, period. There would never be any Eighth Amendment claims. And that just doesn't make sense. After all, in Solemn, the court said no penalty is per se constitutional. And even a single day in prison could be unconstitutional. And I think in the end, sometimes the courts need to step in to recognize constitutional violations like the Eighth Amendment, because it can't wait for Congress to catch up. We've seen that in the context of juvenile offenders sentenced to life in prison for non homicide offenses. So the criteria developed in Solemn strikes that balance between protecting people from excessive punishment, while not intruding into legislative autonomy. Now, I think it's also notable that the First Step Act greatly expanded judicial discretion to reduce sentences even after sentence has been imposed. So while Congress didn't specify that Section 403 of the First Step Act should apply retroactively, Congress did expand the powers of the courts through Section 603 of the First Step Act, which amended Section 3582 C1A. It was amended to allow courts to, among other things, fix unduly harsh sentences by giving federal judges sentencing discretion to modify a sentence on the basis of extraordinary and compelling reason. This suggests that Congress welcomed court scrutiny of such sentences. And a number of courts have found that the FSA's modification of the extraordinary and compelling reason for sentencing reduction. And we've seen just such rulings in district courts across the country. And such rulings support Mr. Waite's claims that his sentence is grossly disproportionate. Now, the government also cites in its brief that the law of the case doctrine applies to this Eighth Amendment cases, where the Eighth Amendment claim was not raised below, involved this case engaging in plain error review. And... You have a minute left. Yes. Thank you. Second, whether a punishment is excessive is judged not by the standards of the past, but by the evolving standards of decency and currently prevailing standards. Third, that standard is reflected in the enactment of the FSA, which dismantled this draconian sentencing scheme that disparately impacts Black men and has done so for the last two decades. And fourth, in United States, Roy, 832 Fed Appendix 764, an unpublished case decided by this court a little over a month ago, this court rejected that same argument the government makes here. And Roy, the government argued that because the Eighth Amendment claim had not been raised in the previous appeal, it had been waived and was subject to the law of the case doctrine in the current appeal. Nonetheless, the court in Roy ruled on the merits. And then finally, the Eighth Amendment claim is based on an intervening change in the law, the passage of the First Step Act, which is an exception to the law of the case doctrine. With that, I'd welcome any questions from the panel. Thank you. Judge Raji? I have no questions. Judge Sullivan? I have one question. You mentioned Taylor in 28J letter and again today. Just earlier today, the Second Circuit issued an opinion in Collier v. United States. Have you seen that opinion? I'm sorry, Collier? No, I have not seen that opinion. I mean, Collier is a case in which the court concluded that attempted bank robbery was categorically a crime of violence. Different statute, similar language. In some ways, similar language to the attempted Hobbs Act robbery that's at issue here. But you haven't seen it? I haven't seen it, so I wouldn't be in a position to comment on it. But I'd be happy to provide a response in the 28J letter if that would be helpful. Well, I'll leave that up to Judge Cabranes. But I guess the one other question I had was with respect to the First Step Act. You said several times it clarified the meaning of 924C and the stacking provisions. But I'm not sure what is the basis for using that word as opposed to just changing the law. And Congress affirmatively chose not to make it retroactive. Is that not accurate? No, it's true. Congress did not choose to make it retroactive. However, I believe Congress used the word clarify in that very section. I think that's Congress's use of the word clarify. All right. But I mean, the fact that it's not retroactive means that the clarification or change or whatever you want to call it wouldn't be readily applicable looking backwards, right? So I guess, yes, I'm not quite sure I understand the meaning of the question. The legislation passed, so clearly there has been a significant change. And the legislation changed it so that this type of sentence is no longer tolerated. And the fact that this sort of sentence is no longer tolerated is a factor that the court should consider in looking at whether or not Mr. Wade's sentence is considered excessive. But in your view, then, whether it's retroactive or not retroactive is irrelevant. It's not tolerated going forward. And so that, therefore, triggers Eighth Amendment concerns, regardless if Congress rejected the opportunity to make it retroactive. That's correct, Your Honor. But I do want to make a distinction that if this court were to order a remand, that I believe that Mr. Wade would benefit from the FSA, contrary to the government's argument, just because the general rule is that a defendant should be sentenced under the law in effect at the time of sentencing. That rule has been interpreted to mean that an intervening change in statutory law applies at a resentencing, even when the change in law was not the basis for reversal or vacator. Judge Teleska for the Western District of New York in U.S. v. Acosta's 2019 Westlaw 4140943 drew that very conclusion by relying on this court's decisions in Quintieri and Bryson. The judge also relied on this court's decision in Brown, which strongly suggested that 403 of the First Step Act applies on remand, even if the original sentencing happened prior to the First Step Act. Okay. We'll hear from the government. May it please the court. My name is Andrew Chan, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States in this appeal, as I did during the appellant's resentencing in the district court. I'd like to start off by going back to Judge Sullivan's question about the First Step Act. I don't think there's any dispute here that the First Step Act by its terms does not apply to the appellant because both his sentencing and his resentencing occurred before the First Step Act became law. Congress also made it quite clear that only sentencing after the passage of the First Statute. And so the appellant is essentially asking that the court overrule Congress's choice about who should and should not be covered under the First Step Act by remanding this case either for a resentencing under the court's authority in Section 2106 or under the Eighth Amendment. And I think with respect to that Eighth Amendment claim, in addition to being waived, I think our view is that it's meritless. For starters, the sentence is not grossly disproportionate in light of the seriousness of the crimes that the defendant committed. As we noted in our brief in more detail, the appellant was involved in a series of gunpoint robberies, participation in a racketeering enterprise, and large-scale drug trafficking over the span of many years involving thousands and thousands of individual doses of crack cocaine, powder cocaine, and marijuana. During two of those gunpoint robberies, the appellant discharged his gun, and during another one of the robberies, a young woman caring for a baby was found and threatened at gunpoint. Numerous courts, including the Supreme Court in Diehl, have recognized Congress's ability to pass criminal laws that punish repeat violent offenders severely, even when those offenders manage to evade prosecution and conviction for their earlier offenses. And yes, again, it's true that the First Step Act can be taken into account in determining the current views about sentencing around the country. But again, Congress could have made the First Step Act retroactive to the appellant's sentence, but chose not to do so, preferring to leave sentences like the appellant in place. And so I think the Eighth Amendment review here should give deference to Congress's choices about how an offendant like the appellant should be sentenced. Now, in argument today, counsel for the appellant noted that there's also a separate vehicle for an application for a sentence modification under Section 3582. I think that the appellant certainly could pursue that relief in the district court. As I understand it, the appellant has not yet filed a motion for a sentence modification under Section 3582. But again, I think that argument cuts in favor of rejecting an Eighth Amendment challenge here, particularly where the appellant could seek the relief that he's looking for for a sentence modification under Section 3582. And so all of this is to say that the district court did not commit any plain error by finding that this sentence was constitutional under the Eighth Amendment, particularly where the appellant failed to district court. And so, unless the court has any additional questions, we would rest on our submission and respectfully request that the judgment of conviction be affirmed. Thank you, Mr. Chan. Judge Rising, any questions? No, thank you, though. Judge Sullivan. Briefly, I would guess, Mr. Chan, are you familiar with the Collier case that I asked Ms. Barth about earlier? Yes, Your Honor. We saw that the Collier decision came out earlier this morning. We are still digesting it and trying to understand its full implications. At first glance, I think that the decision does support our position in the sense that the court ruled that an attempted bank robbery offense does qualify as a crime of violence under Section 924C. I think there's some other language in the opinion that appears to limit the scope of the holding so that it only applies to attempted bank robbery offenses under Section 2113. But I think as a general matter, the Collier case sort of fits in within the other cases in this circuit that have generally held that attempt crimes are included within the scope of 924C and similarly where it's statute like Section 924E and Section 4B1.2 of the Sentencing Guidelines. All right. Thank you. I have no further questions. Well, Judge Sullivan earlier raised the question of a possible 28J letter regarding this case which came down today. Today is Monday. Would Friday of this week be too early for the government and for defense counsel to submit simultaneously 28J letters? I think that's fine for the government, Your Honor. Is it possible to have through the weekend, Your Honor, to submit on Monday? Sure. Let's put it down for then. And maybe, in fact, since the government can do this without too much strain, by Friday, March 5, then defense counsel will have an opportunity to reflect on the government's when it submits its letter to us on Monday, March 8 by 2 p.m. Thank you, Your Honor. And the government's letter would be due Friday, March 5 by 2 p.m. Thank you both very much. We appreciate your arguments and we look forward to receiving these letters and to resolving this case as soon as practicable. We reserve decision and we will take this case under submission effective Monday, March 8. Thank you very much. We'll hear the final...